UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAVID DAVENPORT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-356-JMS-WGH |
| ) | |
| BRIAN RODGERS, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Insufficient Claims And Directing Further Proceedings**

**I. Background**

Because plaintiff David Davenport is a Aprisoner@ as defined by 28 U.S.C. ' 1915(h), the Court has screened his complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

Davenport's claims are brought pursuant to 42 U.S.C. § 1983. He names two defendants: Marion County Jail Mail Clerk Brian Rodgers and Prosecuting Attorney David Wahl. His complaint was filed on October 7, 2013.

Davenport alleges that his Fourth Amendment rights to be free from illegal search and seizure, his Fifth and Fourteenth Amendments rights, and his right to privacy were violated on October 3, and October 10, 2011, when a Marion County Jail mail clerk, defendant Brian Rodgers, opened Davenport's outgoing mail without Davenport's knowledge or consent and then gave the letters to defendant prosecuting attorney David Wahl. The letters had returned to the jail because of insufficient postage. Davenport alleges that the letters were used to convict him of criminal charges.

## II.  Screening

To satisfy the notice-pleading standard of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Such statement must provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Pro se complaints such as that filed by Davenport are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

*Claims Against Prosecutor Wahl*

**Davenport's claims against Prosecutor Wahl are dismissed** because a prosecutor is entitled to absolute immunity for activities which are "intimately associated" with the judicial process such as initiating and pursuing a criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) ("A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties."). Receiving evidence and using it to support a criminal charge is plainly associated with pursuing a prosecution.

*Claims Against Brian Rodgers*

"[T]he first step in any ['  1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). Constitutional claims are to be addressed under the most applicable provision. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (a claim arising under the First Amendment "gains nothing by attracting additional constitutional labels."). Davenport's allegations against Brian Rodgers are sufficient to state a claim for violation of privacy under the First Amendment to the Constitution. *Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011) ("As a general rule, prisoners have a [First Amendment] constitutionally-protected interest in their incoming and outgoing mail correspondence.").

Because Davenport's claims are sufficiently based on the protections afforded by the First Amendment to the Constitution, there is no occasion to invoke the important but limited protection of due process under the Fourteenth Amendment. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim.") (plurality opinion of Rehnquist, C.J.) (internal quotations omitted). Any Fourth Amendment claim is also dismissed on this basis. In addition, the Fifth Amendment is not implicated by Davenport's ₌s allegations because the defendants are state actors, not federal actors. *Jackson v. Byrne*, 738 F.2d 1443, 1446 (7th Cir. 1984). **Therefore, all claims against Brian Rodgers are dismissed with the exception of the First Amendment claim for violation of privacy.**

No final partial judgment shall issue as to the claims dismissed in this Entry. The clerk shall **terminate** from the docket David Wahl as a defendant.

### III.  Further Proceedings

The First Amendment claim shall proceed against defendant Mail Clerk Brian Rodgers. The clerk shall **issue and serve process** on the defendant in the manner specified by *Fed. R. Civ. P.* 4(d)(2). Process in this case shall consist of the complaint filed on October 7, 2013, applicable forms, and this Entry.

**IT IS SO ORDERED.**

Date: 12/16/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

David Davenport
DOC #904991
Putnamville Correctional Facility
1946 West U.S. 40
Greencastle, IN 46135-9275

Mail Clerk Brian Rodgers
Marion County Jail
40 S. Alabama Street
Indianapolis, IN 46204

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.